UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRW AUTOMOTIVE U.S. LLC,

    Plaintiff,

v.

Case No. 13-12160
HON. DENISE PAGE HOOD

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL, IMPLEMENT WORKERS
OF AMERICA (UAW), MARTIN LAMAR,
JOHN YASSO, KIM TASKILA,
and RONALD GARDNER,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT [#12], GRANTING DEFENDANTS'
MOTION TO AFFIRM ARBITRATOR'S AWARD [#13] and
DISMISSING PLAINTIFF'S CAUSE OF ACTION**

### I. INTRODUCTION

In 2011, Defendants (collectively, "UAW") filed suit against Plaintiff TRW Automotive U.S. LLC ("TRW") regarding retiree benefits. *See* Case No. 11-14630. After the Court granted Plaintiff's motion to compel arbitration in that case, the parties appeared before Arbitrator Michael Long of the American Arbitration Association Voluntary Labor Arbitration. On April 18, 2013, Arbitrator Long released his arbitration decision, wherein he concluded that TRW breached the parties' collective

bargaining agreement ("CBA"). In the 24-page decision, Arbitrator Long granted the following relief (collectively, the "Arbitration Award"):

> In formulating a remedy it is recognized that the hospital-medical-surgical plan existing prior to January 1, 2012 was offered to the retirees and, as far as can be determined by the record, accepted by the retirees. Therefore, it is that plan which must be considered as agreed upon as the existing iteration of the coverage required pursuant to the retirees' vested right under Paragraph 32.1 et seq. TRW shall restore coverages granted to retirees, their spouses and eligible dependents according to the hospital-medical-surgical plan in effect immediately before the January 1, 2012 change.
>
> TRW shall make retirees, eligible dependents, surviving spouses whole for all expenses, costs, fees, and losses incurred as a result of the TRW's breaches and violations, and shall take immediate action to ensure full and prompt "make whole" relief, including gathering the information necessary to quantify-"make whole"-amounts from its records and from the records of the retirement benefits administrators employed and directed by TRW, and to fully and promptly reimburse those "make whole" amounts, with interest, and TRW shall maintain promised and vested health insurance for the lifetimes of the retirees and their dependents and surviving spouses[.]
>
> Pursuant to Paragraph 4.4 of the CBA, each party shall bear the expense of its own representatives; and all other expenses of the arbitration, if any, shall be shared equally by the parties. The expenses of the impartial arbitrator, if any, shall be shared and paid equally by the parties.

[Case No. 11-14630, Dkt. No. 1, PgID 153-54]

On May 15, 2013, TRW filed the instant cause of action, wherein it asks the Court to vacate that part of the Arbitration Award that requires TRW to "restore coverages granted to retirees, . . . according to the hospital-medical-surgical plan in

effect immediately before the January 1, 2012 change" in healthcare coverage from the Humana plan to Health Reimbursement Accounts ("HRAs"). TRW filed a motion for summary judgment, and UAW filed a cross-motion seeking to affirm the Arbitration Award. The motions have been fully briefed and a hearing was held regarding the motions. For the reasons that follow, TRW's Motion for Summary Judgment is denied, UAW's Motion to Affirm Arbitrator's Award is granted, and TRW's cause of action is dismissed.

## II. BACKGROUND

The following facts constitute the basis upon which the Arbitration Award was issued.

On October 21, 2011, UAW (including retirees Martin Lamer, John Yasso, Kim Taskila, and Ronald Gardner) filed an action on behalf of the individual plaintiffs and those similarly-situated against TRW "to enforce rights to lifetime retirement healthcare benefits and coverage, including prescription drug, dental, vision, and hearing benefits, under collective bargaining agreements ("CBAs") and employee welfare plans." **[Case No. 11-14630, Dkt. No. 1, Compl. at 1]** Martin Lamer began working for the Sterling Heights TRW facility in 1976 and retired in 2006. John Yasso began working for the Sterling Heights TRW facility in 1972 and retired in 2002. Kim Taskila began working at the Sterling Heights TRW facility in 1972 and

retired in 2002. Ronald Gardner began working for the Sterling Heights TRW facility in 1960 and retired in 1997. The proposed class consists of "all persons who retired from TRW at its Sterling Heights plant, including the retirees' dependents and surviving spouses, who are eligible to receive retirement healthcare under the CBAs, excluding any retirees, dependents, and surviving spouses who have legally released their rights to such claims."

In 2005, UAW and TRW negotiated the last of a series of CBAs. On August 17, 2005, TRW announced that it planned to close the Sterling Heights facility. The parties agreed to extend the final CBA, dated August 6, 2002, until an agreement regarding the closing of the Sterling Heights facility; an agreement was not reached. On September 14, 2011, TRW stated by letter that, effective January 1, 2012, it would discontinue providing Medicare-eligible retirees and surviving spouses healthcare but instead provide Health Reimbursement Accounts that would be funded at TRW's discretion.

The relevant CBA provides the following grievance procedure:

> **4.1 Exclusive Remedy.** The Union and the employees agree that the grievance and arbitration procedures provided herein are adequate to provide a fair and final determination of all grievances which may arise out of the employment relationship during the term of this Agreement and that such procedures shall be the exclusive remedy for the enforcement by them of any claim against the Company. Nothing contained herein, however, shall

preclude an employee covered by this Agreement from filing a charge of illegal discrimination with the Equal Employment Opportunity Commission.

**4.1.1 Grievance Denied.** A grievance is any complaint, dispute or controversy in which an employee or the Union claims that the Company has failed to carry out a provision of the Agreement and which involves a question concerning the interpretation or application of or compliance with this Agreement, including any question relating to rates of pay, hours of work and other conditions of employment of any employee.

**4.1.2 Interpretations-Final and Binding**. Any interpretation of this Agreement agreed upon by the Company and the shop committee shall be final and binding upon any person involved or affected.

**4.1.3 Union Sole and Exclusive Representative.** With respect to the processing, disposition, and/or settlement of any grievance initiated under the grievance procedure of this Agreement, and with respect to any court or administrative action or procedure alleging a claim arising out of the employment relationship, the Union shall be the sole and exclusive representative of the employee or employees covered by this Agreement. The disposition or settlement by and between the Company and the Union of any grievance or other matter shall constitute a full and complete settlement thereof and of related matters and shall be final and binding upon the Union and its members, the employee or employees, the Company and all persons involved or affected.

**4.1.4 Appeal-Internal Union Remedy.** There shall be no appeal of an employee from any settlement of

any grievance or other matter nor from the decision or award of an impartial arbitrator. The Union will discourage any attempt of its members, and will not encourage or cooperate with any of its members, in any appeal to any court or administrative agency. Nothing in this Paragraph 4.1 shall be construed to prevent an employee from pursuing his internal Union remedies in accordance with the International Constitution of the Union.

**4.1.5 Claims-Union Representative**. No employee or other person shall have any right under this Agreement in any claim, proceeding, action or otherwise on the basis, or by reason, of any claim that the Union or any Union prosecution or settlement of any grievance or other matter as to which the Union or any Union representative has authority or discretion to act or not to act under the terms of this Agreement.

## III. ANALYSIS

The issue presented by the parties' cross-motions is whether Arbitrator Long exceeded his authority when he ruled that TRW had to reinstate the healthcare coverage that was in place before TRW instituted the HRAs for retirees. In doing so, Arbitrator Long required TRW to provide Humana healthcare coverage for retirees (with 100% coverage) rather than the Blue Cross Blue Shield coverage (with 85/15 coverage) that was expressly referenced in the CBA. TRW argues that Arbitrator Long exceeded his authority and should have required that TRW provide the Blue Cross Blue Shield coverage. UAW argues that Arbitrator Long acted within the

parameters of his duties when he required TRW to reinstate the Humana coverage, such that the Arbitration Award should be affirmed.

"[A]n arbitrator's award must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice." *Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411 (6th Cir. 2008) (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). In *Michigan Family Resources, Inc. v. Service Employees Int'l Union Local 517M*, 475 F.3d 746, 753 (6th Cir. 2007) (*en banc*), the Sixth Circuit provided the scope of a court's review of an arbitrator's ruling:

> Did the arbitrator act "outside his authority" by resolving a dispute not committed to arbitration? Did the arbitrator commit fraud, have a conflict of interest or otherwise act dishonestly in issuing the award? And in resolving any legal or factual disputes in the case, was the arbitrator "arguably construing or applying the contract"? So long as the arbitrator does not offend any of these requirements, the request for judicial intervention should be resisted even though the arbitrator made "serious," "improvident" or "silly" errors in resolving the merits of the dispute.

TRW argues that Arbitrator Long "undeniably dispensed his own brand of 'industrial justice' by fashioning a remedy with no basis in the CBA, ignoring the contract terms that the Arbitrator himself found were 'clear and unambiguous.'" [Dkt. No. 12, PgID 192] TRW asserts that "the Arbitrator's authority was limited to

interpreting the labor agreement between TRW and the Union." *Id.* The Court finds that TRW's arguments are untenable as they would unreasonably restrict the scope of the arbitrator's authority.

In this case, the parties agree that the issue before Arbitrator Long was whether TRW breached the CBA when it unilaterally implemented the HRAs to operate as healthcare coverage for retirees. [Dkt. No. 12, PgID 189] TRW does not challenge Arbitrator Long's finding that TRW breached the CBA when it did so. TRW also does not challenge that Arbitrator Long had the authority to implement a remedy, as TRW asserts that Arbitrator Long was required to fashion a specific remedy: reinstating the Blue Cross Blue Shield healthcare insurance that was specifically referenced in the CBA when it was executed in 2002. For that reason, the Court rejects that any suggestion that Arbitrator Long did not have the authority to fashion a remedy after finding that TRW breached the CBA.

The Court is not persuaded that Aribitrator Long was restricted to fashioning the remedy favored by TRW. It is undisputed that: (a) TRW proposed, and Plaintiffs did not oppose, substituting the Humana plan for the Blue Cross Blue Shield plan in 2007; and (b) retirees were covered by the Humana plan from 2007 until the wrongful implementation of the HRAs, effective January 1, 2012. On that basis, it was appropriate for Arbitrator Long to conclude that the parties had agreed to modify the

CBA to have the Humana plan replace the Blue Cross Blue Shield plan, clearly a "suitable arrangement[] for retirees to continue such coverages as they had at the time of retirement."

The Court holds that Arbitrator Long did not resolve a dispute not committed to arbitration and did not act "outside his authority." He fashioned a remedy for the breach committed by TRW, a remedy that was consistent with "arguably construing or applying the contract." *Michigan Family Resources*, 475 F.3d at 753. There is no suggestion he committed fraud, had a conflict of interest or otherwise acted dishonestly in issuing the award. For those reasons, the Court concludes that Arbitrator Long did "not offend any of the[] requirements, [so TRW's] request for judicial intervention should be resisted even [if] the arbitrator made 'serious,' 'improvident' or 'silly' errors in resolving the merits of the dispute." *Id.*

The Court did not find persuasive or adequately similar any of the cases cited by TRW for the proposition that Aribtrator Long exceeded his authority. Unlike the *Totes Isotoner* arbitrator, Arbitrator Long confined himself to interpreting and applying the CBA, including the parties' agreed upon manner by which TRW provided healthcare coverage utilizing the Humana plan. *See Totes Isotoner Corp.*, 532 F.3d at 414-18. In doing so, Arbitrator Long fashioned a remedy consistent with

CBA, Paragraph 32.1 *et seq*; he did not issue an award that did not have any basis in the contract.

This case is unlike the *Batesville Casket* case because Arbitrator Long rooted his analysis and remedy in the parties' applicable CBA, not in a later (or different) CBA that did not govern the issue before him. *See Batesville Casket Co. v. USW*, 2008 WL 4066105 (E.D. Tenn. Aug. 26, 2008). Unlike the *Dematic* and *Liberty Nursing Center* cases, where the arbitrators imposed a remedy based upon the parties behavior – behavior that was not permitted under or was in clear conflict with the terms of the applicable collective bargaining agreement – the remedy fashioned by Arbitrator Long was consistent with the language of the CBA, Paragraph 32.1 *et seq. Dematic Corp. v. Int'l Union, UAW, Local 1485*, 635 F.Supp.2d 662 (W.D. Mich. 2009); *Liberty Nursing Ctr. of Willard, Inc. v. United Food & Commercial Workers Union Local 911*, 525 F.Supp.2d 933 (N.D. Ohio 2007).

Accordingly, the Court declines TRW's request to vacate part of the Arbitration Award and, as UAW requests, affirms the Arbitration Award. TRW's Motion for Summary Judgment is denied, and UAW's Motion to Affirm Arbitration Award is granted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that TRW's Motion for Summary Judgment [Dkt. No. 12] is **DENIED**.

**IT IS FURTHER ORDERED** that UAW's Motion to Affirm Arbitration [Dkt. No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action is **DISMISSED**.

Judgment shall be entered separately.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: January 16, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

11